IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| PAINT N PLACE CUSTOM | § | CASE NO. 09-38679-H3-7 |
| CYCLES, LLC | § | (Chapter 7) |
|    DEBTOR | § | |

**TRUSTEE'S APPLICATION TO DEPOSIT FUNDS INTO THE COURT'S REGISTRY**

**RULE 9013 NOTICE**

**IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.**

**IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY-ONE (21) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.**

COMES NOW, Robbye R. Waldron, Trustee, the duly appointed Chapter 7 Trustee for the above referenced estate and files this, his Trustee's Application to Deposit Funds into the Court's Registry and, in support thereof, would respectfully show as follows:

1.    On December 5, 2009, Paint N Place Custom Cycles, LLC ("Debtor") filed its Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code. On December 5, 2009, Robbye R. Waldron, Trustee ("Trustee") was appointed as the Chapter 7

Trustee for the Debtor's estate. On or about January 20, 2010, the §341 Meeting of Creditors was held and concluded.

3. Incident to his administration of this estate, the Trustee received funds totaling $1,348.94 from funds received from utility refund from Reliant Energy in the amount of $1,068.15, a refund from the Texas Comptroller of Public Accounts in the amount of $58.44, and an insurance refund from Premium Financing Specialists, Inc. in the amount of $222.35. These are the only funds the Trustee has recovered in his administration of this estate. Bank fees in the total amount of $6.30 were assessed leaving $1,343.67.

4. At the outset of this estate, the Trustee believed sufficient assets existed which warranted administration for the benefit of unsecured creditors. During the administration of this estate, however, the Trustee was unable to liquidate sufficient assets for distribution to unsecured creditors.

5. The Trustee has filed his No Distribution Report ("NDR") as the minimal funds recovered are of inconsequential value and would be burdensome and not cost-effective to administer. Pursuant to the NDR, the funds have been abandoned pursuant to 11 U.S.C. §554(c).

6. The Debtor scheduled unsecured debt in the total amount of $117,341.53. Administration of the funds would result in a small dividend, as defined by Bankruptcy Rule 3010. The Trustee requests authorization to small dividends in the total amount of $1,343.67 for deposit into the United States Treasury, pursuant to 28 U.S.C. §2041, et seq.

Respectfully submitted,

*/s/ Robbye R. Waldron, Trustee*
Robbye R. Waldron, Trustee
15150 Middlebrook Drive
Houston, Texas 77058
Tel: 281-488-4438 / Fax: 281-488-4597

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing Application to Deposit Funds into the Registry of the Court has been served upon the attached service list on this the 3rd day of November, 2011, via the Court's ecf system or First Class U.S. Mail.

*/s/ Robbye R. Waldron, Trustee*
Robbye R. Waldron, Trustee